**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HELEN ANN P. DAVIS | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-1094 |
| | ) | |
| v. | ) | |
| | ) | Judge Cercone |
| JEFFERSON REGIONAL MEDICAL | ) | Magistrate Judge Lenihan |
| CENTER, | ) | |
| | ) | Re: Doc. No. 12 |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**


I.      RECOMMENDATION

It is respectfully recommended that Defendant's Motion for Summary judgment at Doc. No. 12 be denied.


II.     REPORT

In her three-count Amended Complaint, Plaintiff, Helen Ann P. Davis ("Davis" or "Plaintiff") asserts claims under 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. C.S.A. § 951 et seq. against Defendant Jefferson Regional Medical Center ("Medical Center" or "Defendant") arising out of the denial of medical staff appointment and clinical privileges at Defendant Medical Center allegedly based upon Plaintiff's race and gender. Presently before the Court is Defendant's Motion for Summary Judgment, concerning the issue of whether Plaintiff properly exhausted her administrative remedies relative to Plaintiff's claims

pursuant to the PHRA.[1]

       A.      <u>Relevant Facts</u>

In her EEOC charge, Plaintiff alleges that the latest date of alleged discrimination occurred on July, 7, 2005, wherein she was denied medical staff appointment and clinical privileges.  (Cite to record)

On December 23, 2005, Plaintiff's counsel sent a letter and accompanying documentation, via hand delivery, to the Pittsburgh Area Office of the EEOC with "carbon copy" directed to Kathleen Wilkes, Intake Supervisor, for the Pennsylvania Human Relations Commission ("PHRC").  The letter, authored by Plaintiff's counsel, requested that the EEOC "file the enclosed Intake Questionnaire and Supporting Documents as Claimant Helen A. Davis' verified Charge and Complaint of Discrimination."  (Doc. No. 14-2 at 1.)  Counsel further indicated that he would be representing Davis with regard to the issues described, and requested that the attached documents be dual-filed with the PHRC.  (Doc. No. 14-2 at 1.)  The General Intake Questionnaire indicates that Plaintiff sought assistance from Joseph H. Chivers, counsel of record, as of December 2, 2005, and that she retained him to represent her interests.  (Doc. No. 14-2 at 5.)  Plaintiff's signature dated December 15, 2005, appears under the following language: "I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information and belief."  (Doc. No. 14-2 at 5.)

Plaintiff filed a Charge of discrimination with the EEOC on March 22, 2006.

---

[1]Defendant's motion is styled as a Motion to Dismiss or, in the alternative, Motion for Summary Judgment.  The motion will be treated as a motion under Fed. R. Civ. P. 56, rather than a motion pursuant to Fed. R. Civ. P. 12 (b)(6), because matters outside the pleadings have been presented and such matters are not being excluded by the Court.  <u>See</u> Fed. R. Civ. P. 12 (b).

Plaintiff signed the EEOC form requesting dual filing of her charge with the PHRC that same day.  The charge was dual-filed with the PHRC on March 31, 2006.  (Doc. No. 13-2 at 3-6.)

        B.     <u>Legal Standard</u>

Summary judgment is appropriate if, drawing all inferences in favor of the nonmoving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56 (c).  Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact.  Once that burden has been met, the nonmoving party must set forth "specific facts showing that there is a <u>genuine issue for trial</u>" or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law.  <u>Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (quoting Fed.R.Civ.P. 56(e) (emphasis added by <u>Matsushita</u> Court).  An issue is genuine only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  <u>Anderson v. Liberty-Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  While any evidence used to support a motion for summary judgment must be admissible, it is not necessary for it to be in admissible form.  <u>See</u> Fed.R.Civ.P. 56 (e); <u>Celotex Corp.</u>, 477 U.S. at 324; <u>J.F. Feeser,Inc., v. Serv-A-Portion, Inc.</u>, 909 F.2d 1524, 1542 (3d Cir. 1990).

In support of its Motion, the Defendant argues that Plaintiff failed to file her charge of discrimination with the PHRC within the requisite 180-day time period.  In response, Plaintiff argues her Intake questionnaire and accompanying cover letter were time/date stamped by the EEOC on December 23, 2005, and that the same were sent to the PHRC on this date to the attention of the Intake Supervisor of the PHRC.  Plaintiff further notes that neither the EEOC or PHRC rejected Plaintiff's filings.  Defendant replies that the document sent to the EEOC and PHRC on December 23, 2005 is an unverified Intake Questionnaire and is time-stamped January 5, 2006 by the PHRC, two days beyond the requisite 180-day time period.[2]  Defendant also replies that even if the Intake Questionnaire had been filed within the 180-day limitations period, the Intake Questionnaire did not constitute a charge of discrimination as a matter of law because it was not verified.

C.     Analysis

The PHRA prohibits discrimination in employment on the basis of race and gender.  43 Pa. Cons. Stat. Ann. § 953.  In order to file a cause of action pursuant to the PHRA, a plaintiff must first file a verified administrative complaint with the PHRC within 180 days of the alleged act of discrimination.  43 Pa. Cons. Stat. Ann. § 959 (a), (h).  If a Plaintiff fails to comply with these requirements, then he or she may not pursue judicial remedies under the PHRA. Woodson v. Scott Paper Co., 109 F.3d 913, 925 (3d Cir. 1997).  In fact, the United States Court

---

[2]In attachment 1 to the Second Affidavit of Katherine E. Hollister, Doc. No. 15-2 at 18, a December 27, 2005 time stamp appears in the bottom right hand corner of the document. Neither party addresses the significance of this particular time-stamp in their submissions to the Court.

of Appeals for the Third Circuit in <u>Woodson</u> has emphasized the following:

> The Pennsylvania courts have strictly interpreted this requirement, and have repeatedly held that "persons with claims that are cognizable under the Human Relations Act must avail themselves of the administrative process of the Commission or be barred from the judicial remedies authorized in Section 12 (c) of the Act."

<u>Woodson</u>, 109 F.3d at 925 (quoting <u>Vincent v. Fuller Co.</u>, 616 A. 2d 969, 974 (1992); and citing <u>Fye v. Central Transp. Inc.</u>, 409 A.2d 2 (1979); <u>Clay v. Advanced Computer Applications, Inc.</u>, 559 A.2d 917 (1989); <u>Richardson v. Miller</u>, 446 F.2d 1247, 1248 (3d Cir. 1971) ("Since plaintiff failed to file a charge with the respective Commissions within the appropriate time periods, he is now foreclosed from pursuing the remedies provided by the Acts.")).  In this case, Plaintiff's 180-day time period for filing her verified charge with the PHRC expired on January 3, 2006.

Here, it is clear that the Charge of discrimination filed with the EEOC on March 22, 2006, request that it be dual-filed with the PHRC, and actual filing with the PHRC on March 31, 2006, are untimely for purposes of the PHRA.

In addition, there is a question of material fact in dispute as to whether the Intake Questionnaire was transmitted to the PHRA within the 180-day limitations period.  Although the PHRC stamp displays a January 5, 2006 date, the significance of the December 27, 2005 stamp appearing below is unclear.  No explanation from either party has been submitted to the Court.

Even assuming that the December 23, 2005 hand delivery of the Intake Questionnaire to the EEOC, and subsequent EEOC transmission of these documents to the PHRC (or delivery of these documents to the PHRC from Plaintiff), constituted a timely filing of Davis' Charge and Complaint of Discrimination with the PHRC, these submissions were not

verified.[3]  The law in Pennsylvania is unsettled as to whether an unverified complaint adequately invokes the jurisdiction of the PHRC.  See Pennsylvania Human Relations Commission v. School District of Philadelphia, 562 A.2d 313 (1989), discussed in, Vincent v. Fuller Co., 582 A.2d 1367, 1372 (Pa. Super. 1990) ("["]T]his issue equally divided the Supreme Court and, therefore, we are left without precedential guidance."); Vincent v. Fuller Co., 616 A.2d 969, 971-72 (Pa. 1992) ("[W]e need not resolve the question that divided the Court in the Philadelphia School District case . . ..");  see generally Brown v. Continental Baking Co., 891 F. Supp. 238, 244 (E.D. Pa. 1995) (acknowledging Pennsylvania law unsettled on whether unverified complaint adequately invokes PHRC's jurisdiction, but finding verification requirement satisfied where Plaintiff submitted accompanying verified affidavit setting forth allegations of complaint in more detail).  The Court must predict, under these circumstances, how the Pennsylvania Supreme Court would rule in the absence of precedential guidance.

---

[3]Plaintiff merely concludes without legal analysis that her December 2005 submissions were verified.  (See Plaintiff's Response to Defendant's Motion to Dismiss, or, in the alternative, Motion for Summary Judgment, Doc. No. 14 at 6.)  Yet, the United States Court of Appeals for the Third Circuit has recently held that the identical language in issue does not constitute a sworn oath or affirmation under Title VII's verification requirement.  Buck v. Hampton Twp. School Dist., 452 F.3d 256, 260-61 (3d Cir. 2006) (Plaintiff's attorney's signature under the following preprinted language did not satisfy Title VII's verification requirement: "I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information and belief.").  The charge verification requirement under Title VII is identical to the verification requirement under the PHRA.  Compare 29 C.F.R. § 1601.3(a) ("Verified" defined as "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury. . ..") with 16 Pa. Code 42.32(a)(4) (complaint "shall set forth" . . . "[a] verification consisting of a sworn oath or affirmation or an unsworn statement by the signer to the effect that the complaint is made subject to the penalties of 18 Pa. Cons. Stat. Ann. § 4904 (relating to unsworn falsification to authorities).)  In addition, Pa. R. Civ. P. 76 defines "verified" as "supported by oath or affirmation or made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities."

Here, the Court is guided by the language of 16 Pa. Code § 42.14(d), which provides in part as follows:

> Complaints that are not verified or that do not otherwise fully conform with a requirement of a complaint before the Commission will be considered filed on the date received by the Commission but may be quashed, as justice may require, if the nonconformity is not remedied by amendment or otherwise within a reasonable time.

16 Pa. Code § 42.14(d).  Plaintiff's March 31, 2006 filing of her verified Charge of discrimination with the PHRC, 78 days after the expiration of the 180-day limitations period, is arguably an amendment within a reasonable time, remedying Plaintiff's initial deficient filing. "Given the remedial purpose of the PHRA and the explicit language of the Pennsylvania Code which permits complainants to cure any defects in their complaints within a reasonable period of time," the Court will consider Plaintiff's March 31 2006 charge as an amendment to her detailed Intake Questionnaire.  See Valentin v. American Red Cross, 2003 U.S. Dist. Lexis 7612 *5-6 (E.D. Pa. 2003); see also Vuong v. J.C. Penney, 2005 WL 1353394 (E.D. Pa. 2005); Hayman v. WYXR-FM, 1992 WL 210113 *5-7 (E.D. Pa. 1992).  Consequently, the Court must respectfully recommend that Defendant's Motion for Summary Judgment be denied.


III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's Motion for Summary Judgment at Doc. No. 12 be denied.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this Report and Recommendation.  Any party

opposing the objections shall have ten (10) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.


LISA PUPO LENIHAN
United States Magistrate Judge


Dated: August 22, 2007


cc: The Honorable David S. Cercone
    United States District Court Judge


    All Counsel of Record
    Via electronic filing

8